UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD WELCH, | No. 2:17-cv-0517 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| B. STRATTON, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. On February 1, 2018, a settlement conference was held, but the case did not settle. On February 12, 2018, plaintiff filed a motion for extension of time. On February 14, 2018, the stay of this action was lifted, and defendant was ordered to file a responsive pleading. On February 26, 2018, plaintiff filed a motion for court order that included various requests. On February 28, 2018, defendant filed an answer.

Plaintiff's initial motion for extension of time was premature; at the time he filed his motion, there were no pending deadlines. Therefore, his motion is denied.

In his recent motion, plaintiff again seeks an extension of time to comply with any pending deadlines, and seeks copies of any documents filed while he was in transit between prisons, as well as "an in forma pauperis copy service" while he awaits his classification hearing at High Desert State Prison ("HDSP"). At the present time, there are no pending deadlines; a

scheduling order has not yet issued. Thus, plaintiff's second motion for extension of time is denied as premature. Due to the delay in the transfer of plaintiff's legal materials, and because plaintiff did not receive the last order or defendants' answer, the Clerk of the Court is directed to send plaintiff copies of such filings. But plaintiff is cautioned that this is an exception to the court's policy that is rarely granted.[1] Moreover, this court cannot order prison officials to provide plaintiff with an "in forma pauperis copy service" while he awaits his classification hearing at HDSP. Plaintiff's in forma pauperis status does not entitle him to free copies. Moreover, because there are no pending deadlines in this action at the present time, plaintiff should not require any copies during such interim period.

Plaintiff raises various claims in his motion concerning correctional officer Guittierrez at California State Prison-Corcoran, including allegations that this officer has delayed plaintiff's property on several occasions. However, such officer is not a defendant in this action.[2] Moreover, if plaintiff wishes to raise civil rights claims against such officer, plaintiff must first exhaust his administrative remedies as to such claims; once he receives the third level decision, he may then file suit against such officer in the Fresno Division of this court. The instant action proceeds solely against defendant B. Stratton concerning 2016 incidents at the Butte County Jail.[3]

On January 30, 2018, plaintiff was transported to California State Prison, Sacramento, to appear at the February 1 settlement conference. On February 14, 2018, plaintiff was transported back to California State Prison-Corcoran. But upon arrival, plaintiff was informed that a special

////

---

[1] The Clerks' Office does not provide copies of documents to parties. Copies of documents may be obtained from Attorney's Diversified Services (ADS): 1424 21st Street, Sacramento, CA 95814. Their phone number is 916-441-4396. The court will provide copies of the docket sheet at $0.50 per page. Checks in the exact amount are made payable to "Clerk, USDC." Please Note: In Forma Pauperis status does not include the cost of copies.

[2] This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

[3] Plaintiff also claims he has other ongoing legal obligations, such as trials, appeals, "habeas corpus and transcript matters," including cases in Kings County and Butte County. (ECF No. 49 at 3-4.) However, plaintiff must seek extensions of time in those actions.

transport van would transport plaintiff that night to California State Prison-North Kern, where plaintiff would spend the night, and then be transported to HDSP the very next morning.

Prison transfers often delay prisoners' receipt of property because property is usually shipped separately from the prisoners. Plaintiff's request for the return of his legal materials is dated February 19, 2018, shortly after his arrival at HDSP. Plaintiff's request is denied without prejudice because it is premature due to his recent transfer, and because there are no deadlines pending in this action. However, to assist plaintiff in this action, the Clerk of the Court is directed to send plaintiff a copy of plaintiff's operative pleading, the first amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for extensions of time (ECF Nos. 46 & 49) are denied.

2. Plaintiff's motion for court order (ECF No. 49) is partially granted: plaintiff's request for copies is granted; in all other respects, his requests are denied without prejudice.

3. The Clerk of the Court is directed to send plaintiff copies of the following: amended complaint, February 14, 2018 order, and February 28, 2018 answer. (ECF Nos. 28, 48 & 50.)

Dated: March 7, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/welc0517.36d

3