UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ROY WELCH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. STRATTON, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-0517 MCE KJN P<br><br>ORDER AND ORDER TO SHOW CAUSE<br>AND REVISED SCHEDULING ORDER |

Plaintiff is a state prisoner, proceeding without counsel. This action proceeds on plaintiff's amended complaint against defendant Stratton. (ECF No. 28.) Multiple motions are pending, which the undersigned addresses as follows.

I. Background

On March 13, 2018, the court issued a discovery and scheduling order; discovery closes July 6, 2018, and all motions necessary to compel discovery must be filed by that date. (ECF No. 53.) In addition, all discovery requests must have been served no later than sixty days prior to that date. (Id.) The pretrial motions deadline expires on September 28, 2018. (ECF No. 53.)

II. Motions Related to Discovery

The following motions pertain to discovery. On May 9, 2018, while still housed at High Desert State Prison ("HDSP"), plaintiff filed a motion for 45-day extension of time in which to respond to defendant's discovery requests, alleging that plaintiff cannot respond to discovery

raised in the "article 28, motion to compel," because plaintiff does not have documents that remain in the constructive possession of defendant and were not produced. (ECF No. 54 at 1.) In addition, plaintiff claims that he will be residing at CSP-Corcoran to attend proceedings in Kings County in Case No. 16M-0118/16CM-2996. (ECF No. 54 at 2.) Plaintiff also filed a motion to compel further discovery responses on May 9, 2018. (ECF No. 55.) Defendants filed oppositions to both the motion for extension of time and the motion to compel. (ECF Nos. 61 & 62.)

On May 31, 2018, plaintiff filed duplicate copies of his motion to compel and his request for a 45-day extension of time to respond to defendant's discovery related to "article 28, motion to compel." (ECF Nos. 59 & 60.)

### A. May 9, 2018 Motion to Compel

Plaintiff moves to compel further responses for his requests No. 1, 4, 8, 9, 10, 13, 19 and 20.

> Request for Production No. 1: The complete (BCJ) Butte County Jail record(s) of the Plaintiff.
>
> Defendant's Response: Objection. This request is overbroad and vague and ambiguous as to "complete Butte County Jail records." Subject to and without waiving said objections, Defendant responds as follows: Defendant has conducted a diligent search and reasonable inquiry and will produce responsive documents. See Bates DEF 000001-000104.

In his motion to compel, plaintiff claims that defendant's response is "inadequate," citing all 154 pages of the documents bate-stamped by defendant, alleging defendant perjured himself in the preliminary statement because defendant is in constructive possession of discovery he claims is "presently unavailable," and failed to produce compact discs and transcripts of plaintiff's visits. (ECF No. 55 at 2.)

Despite his objection, defendant produced plaintiff's entire inmate file and medical file, and argues that under Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure, plaintiff was required to "describe with reasonable particularity each item or category of items to be inspected," and the request as written fails to identify any additional or different documents with particularity.

////

Defendant's objection is well-taken. Plaintiff did not narrow his request by date or topic, instead seeking "complete jail records" of plaintiff. Such request is overbroad and vague, failing to identify the specific records sought by plaintiff. Defendant provided plaintiff's entire medical and jail files. No further response is required.

> Request for Production No. 4: The full names and titles of the classification officer(s) on duty pertaining to the 8-28-2016 and 9-14-2016 incidents.
>
> Defendant's Response: Objection. This request is compound and vague and ambiguous as to "classification officer(s)," "on duty," and "pertaining to the 8-28-2016 and 9-1-2016 incidents." Defendant further objects to this request on the grounds that it is an interrogatory, not a document request. Subject to and without waiving said objections, defendant Responds as follows: Defendant has conducted a diligent search and reasonable inquiry and will produce responsive documents. See Bates DEF 000011-000018.

Plaintiff argues that his request was a document request as "proved" by defendant producing the above documents bearing unidentifiable signatures and abbreviated signatures without identification. (ECF No. 55 at 2-3.) Plaintiff argues that there are known Butte County Jail documents somewhere showing identifiable names, titles and identities of those classification officers that defendant can produce. (Id. at 3.)

Defendant counters that plaintiff's request is an interrogatory, not a request for production of documents. Despite objection, defendant produced all of the housing classification documents relating to plaintiff's incarceration at the County Jail, which have the initials for all of the classification officers that plaintiff met with during his incarceration.

Defendant is correct that plaintiff mischaracterized his discovery request as a request for production of documents, yet provided plaintiff with copies of the pertinent documents. Defendant is not required to provide further response to request no. 4. However, plaintiff is granted leave to propound interrogatories to defendant Stratton specifically seeking the identity of those jail employees identified by handwriting and handwritten initials on Bates Nos. 000011, 000013, and 000016.

////

Request for Production No. 8:

The full names and titles of any and all other official(s) in charge of the BCJ.

Defendant's Response:

Objection. This request is overbroad, vague and ambiguous as to "other official(s) in charge of the BCJ," and not reasonably calculated to lead to the discovery of admissible information. Defendant further objects to this request on the grounds that it is an interrogatory, not a document request. Subject to and without waiving said objections, Defendant responds as follows: For information about the chain of command for the Butte County Jail, please visit the Butte County Sheriff's website at http://www.buttecounty.net/sheriffcoroner/Home.aspx.

Plaintiff objects that defendant should have printed out the county jail's website because plaintiff does not have access to the internet.

Defendant contends that plaintiff's request did not seek the production of a document, but asked defendant to provide a written response, which is more properly posed as an interrogatory. Further, defendant argues that plaintiff's request is vague, because although there is a chain of command at the Butte County Sheriff's Office, Sheriff Kory Honea is "in charge of" the Butte County Jail.

Defendant's objection is well-taken. Plaintiff's request was not a request for production of documents, but should have been in the form of an interrogatory. Moreover, there can be no liability on the basis of respondeat superior in a § 1983 action. Thus, it is unclear whether plaintiff's improperly-propounded request would lead to the discovery of relevant information. No further response is required.

Request for Production No. 9: Any and all (BCJ) Butte county jail rule(s), regulations(s) and policie(s), pertaining to (576) security threat groups.

Defendant's Response: Objection. This request is overbroad, vague and ambiguous as to "jail rule(s)," "regulation(s)," "policie(s)," and "pertaining to (576) security threat groups." Further, this request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant responds as follows: Defendant has conducted a diligent search and reasonable inquiry and will produce responsive documents. The General Population Housing Units by Gang Association Chart is a confidential document that is not

4

> available for public consumption. For the safety of the Butte County
> Jail inmates, it has been redacted such that only information relevant
> to Plaintiff's case may be viewed. See Bates DEF 000105-000153.

Plaintiff argues that the inference from "(576)" is known, that defendant is the investigative officer in charge of documenting "(576)" security threat group violence, and can produce every rule, regulation, and policy pertaining to such groups. (ECF No. 55 at 3-4.) Plaintiff asserts that defendant cannot "evade his classification duties by attempting to divert . . . and cast[] blame on his subordinates in classification . . .[who] depend on his . . . investigative reports" to ensure classification is aware of and adheres to such investigative reports. (ECF No. 55 at 4.) Plaintiff contends that defendant knew plaintiff was targeted by a gang yet failed to protect plaintiff from further assault, and also failed to ensure classification noted the assailant as plaintiff's enemy. (ECF No. 55 at 5.)

Defendant contends no further response is warranted, because plaintiff's request about "(576)" security threat groups is vague, and that defendant was unaware what plaintiff meant by such term. Over objection, defendant produced the Jail Information Handbook, which is a complete set of the Jail's formal written policies and procedures, as well as a redacted version of the Jail's chart for housing units by gang association, and relevant information was left un-redacted.

Plaintiff's request was overbroad because he failed to narrow his request to documents relevant to his instant claims. In his motion, plaintiff did not provide further definition for his term "(576)," and did not specifically address the documents defendant did provide. Defendant provided a copy of the general population housing units by gang association, leaving unredacted information pertinent to plaintiff's claims herein. (ECF No. 55 at 197 (Bates DEF 000153).) The undersigned finds plaintiff failed to identify additional documents responsive to this request. No further response is required.

> Request for Production No. 10: Any and all (BCJ) security video
> footage taken of the Plaintiff before, during, and after the 8-28-2016
> and 9-14-2016 incidents.

> Defendant's Response: Objection. This request is overbroad, compound, unduly burdensome, vague and ambiguous as to "security footage," and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant responds as follows: Defendant has conducted a diligent search and reasonable inquiry and will produce responsive documents.

Plaintiff objects that defendant failed to produce video of the injuries plaintiff sustained after each incident, as well as the video filmed in the nurses' station outside the pods.

Defendant objects that plaintiff's request for all security video footage taken of him is overbroad, vague as to time, and unduly burdensome, for the following reasons. First, video footage of plaintiff not pertaining to the subject incidents is not relevant and his request is not reasonably calculated to lead to the discovery of admissible information. Second, it is unclear how much time before and after the incidents plaintiff sought – whether he wanted weeks before and after each incident, or days, hours, or minutes. Third, the jail does not store its video by inmate; thus, complying with the request would require defendant to review hundreds of hours of the jail's security footage, from numerous security cameras, to comply with the request. Such task is unduly burdensome, especially considering that videos of plaintiff before and after the incidents are unlikely to have any relevant information. Finally, the jail does not store videos indefinitely and it is likely that much of the video plaintiff seeks has not been stored. Defendant produced to plaintiff videos of the two incidents. Those videos were identified and saved by the Butte County Sheriff's Office along with the reports for the subject incidents.

Defendant's objection is well-taken. Plaintiff's request No. 10 was overbroad in that it was not specifically narrowed to the times and circumstances involved in the two incidents at issue here. Moreover, defendant provided plaintiff with DVDs for both incidents. Plaintiff contends that defendant failed to provide plaintiff with DVDs or photographs of plaintiff's injuries taken after each incident, and defendant did not address this allegation in his opposition.

A property report appears to indicate that the video and photographs of plaintiff's injuries were included in a DVD recovered on September 15, 2016. (ECF No. 55 at 85 (Bates DEF 000041).) However, because it appears plaintiff has been unable to view the DVD evidence (ECF No. 64), and defendant did not address whether the provided DVDs contained the video or

6

photographs of plaintiff's injuries taken after each incident, defendant will be ordered to address whether such DVDs contained the evidence of plaintiff's injuries.

Moreover, plaintiff's request to have additional video of security footage taken outside the nurses' station prior to or after the incidents at issue is overbroad and unduly burdensome on defendant. See Mailhoit v. Home Depot U.S.A., Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012) ("All-encompassing demands that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)") (internal quotations omitted). Plaintiff may not use discovery requests to engage in a fishing expedition in the hopes that he may turn up some relevant or useful information. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004). Plaintiff's request for additional video surveillance footage is denied.

> Request for Production No. 13: The complete (BCJ) D.A. referral record(s) pertaining to the charges against the documented and undocumented (BCG) butte county gangster members that committed the 8-28-2016 and 9-14-2016 assaults.
>
> Defendant's Response: Objection. This request is overbroad, unduly burdensome, and vague and ambiguous as to "(BCJ) D.A. referral record(s)." Subject to and without waiving said objections, Defendant responds as follows: After a diligent search and reasonable inquiry, Defendant will produce responsive documents. See Bates DEF 000001-000008; DEF 000019-000050.

Plaintiff complains that defendant redacted the names and addresses of the assailants involved in the two attacks on plaintiff at issue here. Plaintiff argues that he is entitled to receive such information for purposes of future safety, as well as his right to pursue claims against such assailants in civil court. (ECF No. 55 at 6-7.) Further, plaintiff argues that such information is now a matter of public record given the criminal charges brought against such assailants.

Defendant argues that he produced his reports regarding the subject incidents, as well as all related documents that were forwarded to the District Attorney's office for prosecution of plaintiff's assailants. Those were all of the documents that defendant had in his possession, custody, or control. To the extent the District Attorney's Office has additional documents, defendant does not have access to them. Further, it is undisputed that the District Attorney prosecuted plaintiff's assailants and they were all sentenced to state prison for assaulting plaintiff. Defendant contends that requesting he produce additional documents in the possession of the

7

District Attorney's Office is not reasonably calculated to lead to the discovery of admissible evidence for plaintiff's lawsuit against defendant.

Defendant's objections to further production are well-taken. However, defendant did not address the issue of redaction. Defendant redacted, without explanation, the names of plaintiff's assailants from the August 28, 2016 and September 14, 2016 incident reports, from plaintiff's jail enemy list (Bates 000012), as well as from the documents referred to the District Attorney's office for prosecution. Because the instant action proceeds on plaintiff's claim that defendant failed to protect plaintiff from an attack by these assailants, their identities are relevant. For example, if these documents demonstrate that plaintiff was attacked by the same individuals on both occasions, such evidence would strengthen plaintiff's failure to protect claim. In addition, now that plaintiff is housed in the California Department of Corrections ("CDCR"), he may be asked to identify his enemies; thus, he would need to know the names of the assailants in order to include them on the CDCR enemy roster for plaintiff's future protection.

In an abundance of caution, defendant is ordered to show cause why defendant should not provide plaintiff with <u>unredacted</u> copies of the incident reports, his list of enemies, and the documents referred to the District Attorney's office for prosecution (Bates DEF 000001-000004 (8-28-16 incident report), Bates 000005-000007 (9-14-16 incident report); 000012 (BCJail Confidential); 000019-000050 (some duplication because it includes incident reports). (ECF No. 55 at 45-51; 56; 63-94.)

> <u>Request for Production No. 19:</u> The complete (BCJ) log book record(s) of the Plaintiff's visitor list.
>
> <u>Defendant's Response:</u> Objection. This request is overbroad and vague and ambiguous as to "(BCJ) log book record(s)." Subject to and without waiving said objections, Defendant responds as follows: Defendant has conducted a diligent search and reasonable inquiry and will produce responsive documents. See Bates DEF 000154.

Plaintiff contends that defendant is in possession of discovery they claim is unavailable, pointing to defendant's requests for admission by plaintiff nos. 23, 24, & 25. (ECF No. 55 at 7, citing ECF No. 55 at 15.) Plaintiff contends that these requests demonstrate that defendant has compact disc recordings and typewritten transcripts of plaintiff's visits. (ECF No. 55 at 7.)

8

Plaintiff asks the court to order defendant to produce every recording and transcript of plaintiff's visits, including the September 4, 2016 visit.

Defendant argues that he produced the Inmate Visitor log for all visitors who visited plaintiff during his incarceration at the Butte County Jail from August 12, 2016, to October 14, 2016, and to the extent plaintiff seeks production of additional documents, his request is not described with sufficient particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.

In request no. 19, plaintiff sought log book records only, and did not seek CDs or transcripts of visiting records. Therefore, plaintiff's motion to compel further response is denied. However, in his motion, plaintiff identified three requests for admission asking plaintiff to admit that on September 4, 2016, during a visit, plaintiff discussed his black eye, explaining that plaintiff "had it coming" from some dirtbag plaintiff had wronged in the past; that "P-Pod" was nice, and plaintiff had his own "huge" cell; and that plaintiff's visitor told plaintiff that he should not get beat up just to get transferred to "P-Pod." (ECF No. 55 at 15.) Plaintiff appears to argue that such requests suggest they are based on information held by defendant, but it is not clear that the requests are based on recordings of visits or transcripts of visits, as opposed to a witness who plans to testify. Nevertheless, plaintiff is entitled to discover the basis for such questions, as follow-up discovery requests to the requests for admissions propounded by defendant. Plaintiff is granted leave to submit follow-up discovery requests to determine the source behind such requests for admissions nos. 23-25.

> Request for Production No. 20: The complete (BCJ) court dockets for 8-17-2016, 9-14-2016, and 10-12-2016.
>
> Defendant's Response: Objection. This request is overbroad, unduly burdensome, compound, vague and ambiguous as to (BCJ) court dockets, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant responds as follows: Defendant has conducted a diligent search and reasonable inquiry and does not have any documents in its custody, possession, or control because it never had any such documents.

(ECF No. 55 at 42.)

////

Plaintiff argues that defendant has the means to acquire such documents as an investigative officer working with the Butte County prosecution, and that the Butte County Jail is issued daily all court dockets to produce jail detainees for court proceedings. (ECF No. 55 at 8.)

Defendant's objections are well-taken. This request is vague, compound, and not reasonably calculated to lead to the discovery of relevant evidence. Plaintiff fails to explain how court dockets will provide relevant evidence for his failure to protect claim against defendant Stratton. No further response is required.

B. Plaintiff's Motion for Extension

Plaintiff seeks an additional 45 days in which to respond to defendant's discovery requests, "under the following matters raised in article 28, motion to compel." (ECF No. 54 at 1.) Plaintiff argues that he cannot respond due to defendant's alleged perjury and failure to produce adequate and complete discovery.

Defendant objects to plaintiff's request for extension of time because plaintiff did not first seek an extension from defendant, and argues that a 45-day extension of time is not reasonable. In addition, defendant contends that plaintiff's claim that his motion to compel is the basis for his request for extension is not well taken because plaintiff is obligated to respond to defendant's written discovery regardless of defendant's responses to plaintiff's discovery.

Defendant is correct. Plaintiff is obligated to timely respond to defendant's discovery requests without regard to defendant's discovery responses. Moreover, plaintiff cannot delay responding to discovery simply because he wants to receive defendant's responses first. Plaintiff's discovery responses were due on May 14, 2018; plaintiff has now had over an additional month in which to respond. In the meantime, defendant provided plaintiff with 154 pages of documents pertinent to the incidents at issue herein.

Therefore, plaintiff's motion for extension of time is denied. Plaintiff shall respond to defendant's discovery within fourteen days from the date of this order. Further, plaintiff is cautioned that failure to cooperate in discovery may result in the imposition of sanctions including, but not limited to, monetary sanctions or a recommendation that this action be dismissed as a sanction.

C. Plaintiff's Duplicate Motions

On May 31, 2018, plaintiff filed duplicate copies of his prior motion for extension and motion to compel. Plaintiff's duplicate motions are denied. Plaintiff is cautioned to refrain from filing duplicate motions in the future.

III. Motion to Retain Evidence

On June 18, 2018, plaintiff filed a motion allowing him to keep on his person DVDs of the 8-28-2016 and 9-14-2016 assault incidents, and to provide him a place to view said DVDs and any other DVD admissible evidence. (ECF No. 64.) On this filing, plaintiff included both his HDSP address, as well as his address at CSP-Corcoran, where he is often transferred for attendance in state court. (Id.)

Other than stating there is a CDCR policy that does not provide a pro se plaintiff any avenue to keep such evidence on his person and provide a place for him to view the DVD, plaintiff fails to explain why it is necessary for him to keep such DVD's on his person, or why he would need to view DVD's of the "assault incidents" continuously, or at his convenience. Thus, plaintiff's request to retain such evidence on his person is denied.

That said, because this evidence is relevant to his case, plaintiff is entitled to review such evidence. Counsel for defendant is ordered to coordinate with the litigation coordinator at HDSP to arrange a time for plaintiff to review the two DVDs and make notes during such review. Such review shall be scheduled within the next thirty days.

IV. Motion Requesting Two Addresses

Also on June 18, 2018, plaintiff filed a motion for address change relief requesting permission to retain both addresses due to "repetitive out to court proceedings and returns," arguing that his legal mail has been playing catch up and some has gone missing. (ECF No. 65 at 1-2.) Plaintiff is advised that the court has no provision for litigants retaining two mailing addresses at the same time; indeed, plaintiff is under an obligation to keep this court informed of his current address at all times. Moreover, plaintiff has been able to timely address issues that have arisen to date in his case, as well as file motions. Plaintiff's motion is denied.

////

V. <u>Second Amended Complaint</u>

Finally, on June 20, 2018, plaintiff filed a 183-page document entitled, "Second Amended Complaint." (ECF No. 67.) In his filing, plaintiff states that he is now able to show evidentiary documents in support of his cause of action, and appends multiple exhibits.

> (a) Amendments Before Trial.
>
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1), (2).

Here, defendant Stratton filed an answer on February 28, 2018. Therefore, plaintiff must file a separate motion seeking leave to amend his pleading, and explaining why he needs to amend his pleading. Plaintiff must append a proposed amended pleading to the motion to amend. Moreover, plaintiff is advised that he is not required to include evidentiary support in his complaint. Rather, a pleading should identify the defendants and contain factual allegations supporting plaintiff's causes of action. Finally, plaintiff is not required to append exhibits to his complaint. In addition to re-filing the documents provided in discovery (Bates DEF 000001-000154), plaintiff provided medical records, as well as a copy of defendant's answer, for a total of 173 pages of exhibits. The practice of attaching reams of documents to a complaint usually does not aid the court in any way, and instead "needlessly complicates challenges to the sufficiency of pleadings." <u>Montgomery v. Buege</u>, 2009 WL 1034518 at *4 (E.D. Cal. April 16, 2009) (Shubb, J.) (striking attached exhibits which "do not form the basis of the claims alleged in the Complaint"). For example, defendant's answer is filed in the court record and should not be appended to plaintiff's complaint.

////

For all these reasons, plaintiff's second amended complaint will remain in the court record, but is disregarded. If plaintiff chooses to file a motion to amend, and provide a second amended complaint, he shall not append any exhibits to such pleading, and is required to file any such amended pleading on the court's complaint form.

VI. <u>Motion for Copy Service Relief</u>

On June 22, 2018, plaintiff filed a motion for relief from "copy service," stating that he intends to file additional motions that rely on documents identified as DEF 000001-0000154. (ECF No. 68.) Specifically, plaintiff claims he will be seeking judicial notice of adjudicative facts, and will file a motion to strike some discovery responses as inadmissible evidence.

First, both parties have now filed complete copies of the 154 pages of documents bate-stamped by defendant, and plaintiff again provided them with his second amended complaint. No party should re-submit this complete set of documents, which is now part of the court record and can be identified by bates number. Moreover, if and when a particular document becomes at issue, only the document at issue should be submitted, not the entire set of documents. Second, plaintiff has been provided numerous documents through discovery, which may or may not be ultimately admissible at trial. It is premature for plaintiff to file a motion as to admissibility of any documents at this time. No dispositive motions have yet been filed. Once such motions are resolved, and if this case survives summary judgment, the undersigned will issue a further scheduling order. Thereafter, a pretrial order will issue that addresses trial exhibits and objections to exhibits the parties seek to admit at trial. Third, with regard to a proposed motion asking this court to take judicial notice of adjudicative facts, plaintiff is advised that such motion is premature. At the time the parties file motions for summary judgment, each party will be required to set forth disputed and undisputed facts.

Therefore, plaintiff's request for relief from "copy service" is partially granted; both parties are prohibited from filing another set of the 154 pages of discovery documents provided to plaintiff (Bates DEF Nos. 000001-0000154).

////

////

VII. Warnings to Plaintiff

Finally, plaintiff is admonished to exercise restraint in filing motions and requests. Since May 9, 2018, plaintiff has filed nine separate motions and requests, two of which were duplicates. Plaintiff should refrain from submitting duplicate filings and await the court's rulings. Plaintiff is formally cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined that he has filed excessive motions in a pending action. DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989). Plaintiff is cautioned that this court views the number of motions filed to date as excessive and that consideration will be given to restricted court access if plaintiff does not exercise appropriate restraint henceforth.

VIII. Revised Scheduling Order

Because plaintiff is granted an opportunity to propound additional limited discovery, the discovery deadline is extended from July 6, 2018, to September 6, 2018, solely for the discovery identified in this order. Defendant shall respond to such discovery within thirty days. Accordingly, the pretrial motions deadline is continued from September 28, 2018, to December 6, 2018.

IX. Conclusion

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 54) is denied; plaintiff shall serve his discovery responses on counsel for defendant within fourteen days from the date of this order.

2. Plaintiff's motion to compel (ECF No. 55) is partially granted, as follows:

    A. Plaintiff is granted leave to forthwith propound interrogatories to defendant Stratton specifically seeking the identity of those jail employees identified by handwriting and handwritten initials on Bates DEF Nos. 000011, 000013, and 000016.

    B. Plaintiff is granted leave to forthwith propound interrogatories or a request for production of documents to determine the source behind defendant's requests for admissions nos. 23-25 (relevant to Request No. 19).

////

C. In fourteen days from the date of this order, defendant shall show cause why he should not provide plaintiff with unredacted copies of the two incident reports, the Butte County Jail list of plaintiff's enemies, and the documents referred to the District Attorney's office for prosecution (Bates DEF Nos. 000001-000004, 000005-000007, 000012, and 000019-000050. (ECF No. 55 at 45-51; 56; 63-94.)

D. In his response to the order to show case, defendant shall also address whether the two DVDs produced to plaintiff contain the video or photographic evidence of plaintiff's injuries after the two incidents at issue here.

E. In all other respects, plaintiff's motion to compel is denied.

3. The discovery deadline is extended from July 6, 2018, to September 6, 2018, solely for the purposes of the discovery identified in this order. Defendant shall respond to such discovery within thirty days.

4. The pretrial motions deadline is continued from September 28, 2018, to December 6, 2018.

5. Plaintiff's duplicate motions (ECF Nos. 59 & 60) are denied.

6. Plaintiff's motion to allow plaintiff to keep DVD's on his person (ECF No. 64) is denied.

7. Counsel for defendant shall coordinate with the litigation coordinator at HDSP to arrange a time for plaintiff to review, within the next thirty days, the two DVDs and to allow plaintiff to make notes during such review.

8. Plaintiff's motion to allow two addresses (ECF No. 65) is denied.

9. Plaintiff's second amended complaint (ECF No. 67) is retained in the court file, but disregarded.

10. Plaintiff's motion for relief from copy service (ECF No. 68) is partially granted.

Dated: June 28, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/welc0517.mtc+